SANTINI FERTILIZER Co., demandante y apelante, *v.* FELIPE G. DÁVILA, demandado y apelado. SANTINI FERTILIZER Co., demandante y apelada, *v.* FELIPE G. DÁVILA, demandado y apelante.

Núms. 6625 y 6731.—*Sometidos:* Enero 11, 1937. *Resueltos:* Marzo 15, 1937.

*R. Buscaglia,* abogado de la demandante, apelante y apelada; *Arturo Aponte,* abogado del demandado, apelado y apelante.

El Juez Asociado Señor Córdova Dávila emitió la opinión del tribunal.

La parte demandada solicita la reconsideración de nuestra sentencia, alegando en primer término que incurrimos en error al decir que no se estableció en la contestación la defensa de prórroga de los pagarés de Dávila hasta junio 30 de 1930 y al sostener que la prueba no establece tal prórroga.

Es cierto que el demandado, al alegar como defensa especial que había pagado los pagarés, añadió, a manera de aditamento y no como defensa separada, ciertas alegaciones vagas e imprecisas que ahora sostiene constituyen una defensa, estableciendo la prórroga de los referidos pagarés. En otras palabras, el demandado sostiene que en realidad alegó dos defensas que no sólo son incompatibles, sino que aparecen de su contestación como una sola defensa.

Pero pasando por alto los defectos en la contestación y asumiendo que se hubiese alegado la referida prórroga, no nos convence el demandado de que la prueba sostuviera esta defensa ni de que cometiera error la corte inferior al condenarle a satisfacer el importe de los referidos pagarés. No surge de los autos que la corte inferior resolviera que se probó tal prórroga. Lo que parece haber opinado dicho tribunal es que la demandante debió haber gestionado el cobro de la Yabucoa Sugar Co., antes de haber incoado la demanda. Sobre este punto, que constituye una conclusión errónea de derecho, expusimos nuestro criterio en la opinión original.

Sostiene el demandado que incurrimos también en error al concluir que la prueba del propio demandado estableció definitivamente que la demandante se negó a aceptar la carta dirigida a Yabucoa Sugar Co. en pago de los pagarés. Expresa dicho demandado que la prueba demuestra que la demandante recibió la carta, aceptándola desde el momento

en que la recibió. A nuestro juicio, el hecho de que un acreedor acepte una carta de manos de un deudor no implica que la reciba en saldo de la deuda, sobre todo cuando, como en el caso de autos, el acreedor expresamente se negó a aceptar la carta en pago de la obligación. El artículo 1138 del Código Civil de 1902, que equivale al 1124 de la edición de 1930, no es aplicable, en primer lugar, porque la carta no se entregó ni se aceptó en pago de las obligaciones del demandado Dávila, y últimamente, porque resulta claro que la carta en cuestión no es un documento de la clase a que se refiere dicho artículo.

*No ha lugar a la reconsideración solicitada.*